W. J. CONWILL et al. *v.* W. O. G. SCHUMPERT et al.

**Administrator — Final Account — Notice.**

   A decree of a Probate Court allowing and confirming a final account of an administrator is void, when notice of same was served on the guardian of infant distributees, who was interested adversely to them and no guardian *ad litem* was appointed.[1]

J. G. Conwill, as administrator of the estate of George Schumpert, filed in the Probate Court of Itawamba county his final account at the February term, 1866. Citation was issued thereon, returnable to the March, 1866, term of that court, commanding the sheriff to cite J. G. Conwill, guardian of the minor heirs of George Schumpert, deceased, which was executed, and at the May, 1866, term of the court the final account was approved and confirmed and the administrator discharged. Conwill died in 1879, and appellants, W. J. and J. P. Conwill, were granted letters and executorship of his will.

   In October, 1879, appellees, W. O. G. Schumpert and G. A. E. Schumpert, filed the petition in this case in the Chancery Court, praying that said executors be required to make and file a final settlement for their testator in the estate of George Schumpert, deceased. The executors answered, setting up the final account and decree allowing and confirming same and discharging the administrator in 1866. The cause was heard on the petition, an-

---

1

   "The court may appoint a guardian *ad litem* to any infant or insane defendant, and allow him suitable compensation, payable out of the estate of such party, but such appointment shall not be made except when the court shall consider it necessary for the protection of the interest of such defendant; and no decree or judgment of any court in this State shall be void or erroneous, because of the failure to have a guardian *ad litem*." Code of 1880, § 1894; Code of 1892, § 553; Code of 1906, § 604.

   In a suit by an administrator of an estate, against all the heirs, it is proper for the court to appoint a guardian *ad litem* for such of the heirs as are minors, and direct that the guardian *ad litem* answer the bill without other service. Burrell et al. *v.* Anderson, 1 Miss. Dec. 357, and cases in note 1.

   In Mississippi, the court has no power to appoint a guardian *ad litem* for minor defendants unless it is first made to appear that they have no mother or guardian in the State. Frank *v.* Webb, 67 Miss. 462; 6 So. 620.

swer and proof, and a decree was rendered, directing the executors to make a final settlement for their testator in the estate of said George Schumpert. From that decree they appeal.

Appealed from Chancery Court, Itawamba county, L. Haughton, Chancellor.

Affirmed, January 17, 1881.

*Attorneys for appellants, Newnan Cayce, and Robins & Allen.*

*Attorneys for appellees, Blair & Clifton.*

Brief of Cayce, and Robins & Allen:

The main question presented by the record is the question of the jurisdiction of the Probate Court in rendering final decree in 1866 in the final settlement of J. G. Conwill, administrator of the estate of George Schumpert, deceased. If the court had jurisdiction, then its decree, however erroneous, is not void. It could not be collaterally impeached, nor vacated, unless reversed by the Supreme Court on appeal, nor attacked but by bill of review. See Wall *v.* Wall, 6 C. 413; Hendrick *v.* Pugh, 57 Miss. 162.

The jurisdiction of the Probate Court as to subject-matter will not be questioned.

The summons was served upon the guardian of the minors, they being the only defendants. No process was served upon the minors, but, this being a proceeding under the Probate Court law of 1857, no service on them was necessary. See Burrus *v.* Burrus, 56 Miss. 94.

The jurisdiction as to the person was, therefore, vested in the Probate Court, and its final decree remains conclusive.

The Chancery Court had no power to ignore and vacate the decree in a proceeding of this nature.

The record does not show that a guardian *ad litem* was appointed, and, while the omission to make such appointment might have been an error for which, on appeal, it might have been reversed, yet the failure does not render the decree void. See Bradley et al. *v.* Smith et ux., 6 S. & M. 490.

The judgment of a court of competent jurisdiction, however erroneous, is not void. Wall *v.* Wall, *supra.*

And unless the decree of the Probate Court was absolutely void, the petition should have been dismissed.

Brief of Blair & Clifton :

The record presents the question of the validity of the decree. Appellants' testator was acting in both capacities—as administrator and guardian. As administrator he presented to the Probate Court his account of final settlement, in the allowance and approval of which he was deeply interested; and yet we find him cited in the capacity of guardian to the heirs of his own intestate to appear and defend his wards' rights by impeaching and falsifying his own account. Could he act as plaintiff and defendant in the same cause? His interest as administrator was to have each item in his account allowed and proven; as guardian of the wards, who were equally interested in sustaining exceptions to those items improperly rendered, to see that they were excluded and disallowed. The law never contemplated authorizing a man to act in such capacities, and it would not be tolerated by the courts, even if our statutes did not prohibit it. But our statutes actually prohibit the guardian acting for his ward *in all cases* where he is interested; and provide for the appointment of a guardian *"pro hac vice,"* who alone can represent and bind the infant. Code 1857, p. 431, art. 32; Code 1857, p. 463, art. 151; Code 1857, p. 464, art. 153; Burrus *v.* Burrus, 56 Miss. 98.

This case will be governed by the Probate Court law of 1857. Why cite the general guardian, he being disqualified and prohibited from representing his infant wards on account of his *interest* in the suit, could not appear for them when cited. There is no act that he could have done but what would have been *"ultra vires."*

The only legal effect that this process could possibly have would be to inform the court that the guardian of the infants was *interested* in the proceeding, whereupon the court was required to appoint a guardian *ad litem* for the minors. This was not done. And yet the court, without obtaining jurisdiction over the persons of these infants, proceeded to allow the account and discharge the administrator. Such a decree is void. Rives, Admr., *v.* Patty,

Admr., 43 Miss. 343; Winston et al. *v.* McLendon, 43 Miss. 258; Pollock, Admr., *v.* Buie et al., 43 Miss. 150; Dogan et al. *v.* Brown, 44 Miss. 245; Saxon et al. *v.* Ames et al., 47 Miss. 569; Crawford *v.* Redus, 54 Miss. 702; Burrus *v.* Burrus, 56 Miss. 92.

In legal effect, this account and decretal order amount only to an annual settlement. Dogan *v.* Brown, 44 Miss. 246.; Crawford *v.* Redus, 54 Miss. 702.

It is evident that our proceeding to compel the executors of this administrator to account is the proper and only practice. A bill of review would not lie, inasmuch as there must be a final decree to be reviewed, and in the case at bar there is none. The decree of the chancellor is correct, all of which is respectfully submitted for the consideration of this honorable court.

OPINION.—GEORGE, J.:

*The decree is affirmed.* The service was on the guardian, who was interested adversely to the infants, and there was no appointment of guardian *ad litem.* This was essential. Burrus *v.* Burrus, 56 Miss. 92.

W. J. CONWILL et al. *v.* JAMES B. LIVINGSTON et al.

**Administrator — Final Account — Notice.**

    A decree of court confirming the final account of an administrator is
    void when the citation is served personally on the distributees only,
    who are infants, and no guardian *ad litem* is appointed.[1]

On the 27th day of July, 1868, J. G. Conwill, administrator of the estate of J. J. Livingston, filed his final account as such, and on the 18th of August thereafter citation was served on James B. Livingston and M. L. Livingston, the heirs at law of the

---

1

"The court may appoint a guardian *ad litem* to any infant or insane defendant and allow him suitable compensation, payable out of the estate of such party, but such appointment shall not be made except when the court shall consider it necessary for the protection of the interest of such defendant; and no decree or judgment of any court in this State shall be void or